Judge Marshall
delivered the opinion of the Court.
These bills were filed by various complainants to enforce alleged liens for materials furnished and work done upon a house in the city of Louisville, on the corner of Gray and Brook streets, alleged to be the property of Mrs. Catharine Fetter, wife of George G. Fetter, both of whom were made defendants. Their demurrers to to the bills were overruled, and no answer being presented, a decree nisi was rendered settling the claims and requiring payment, which not being made, a sale was decreed of the house and lot being known by the numbers 144,145, and 146, for their satisfaction.
This decree is objected to on the ground, 1st, that there is no allegation of the bills which authorizes a decree for the sale of Mrs. Fetter’s interest in the lot. And, 2d, that if her interest could be sold, there is no ground laid for selling the three lots- And 3d, that George G-Fetter has no vendible interest.
It is not alleged nor in any manner shown that Mrs-Gray has a separate estate in the lot, or that she has or had any power over it, which the law does not allow to •all femes covert, with respect to their lands. The most specific description given of her interest is in the statement that “the house referred to was erected on a lot of land in this city, which was conveyed by Mary Ü. Gray to Catharine A. M. Fetter, by deed dated 19th January, 1848, known on the plan of Gray’s enlargement, by the Nos. 144,145, and 146, which has a front on Gray street of 105 feet, and extends back 200 feet to an alley.”
The deed not being exhibited we must assume from this statement, that the lot was conveyed to Mrs. Gray in. the ordinary form-
The acts of 1831 * 1834: (3 Slat-Law, 409 & 411) giving liens in behalf of mechanics, materials men, &c., gives the lien up on the interest of the employer, and the house, &c. A feme covert cannot be such an employer as to subject her real estate to the lien given by the statute, unless she have a separate estate in the land, nor can the husband give a lien on the wifes land by-being the employer in -the sense of the statute.
The acts of the Legislature of 1831, and 1834, 3d Stat. Law, 409-411, under which these liens are claimed are understood as intending and operating to give the lien only upon the interest of the employer in the lot and premises on which the house is built or repaired, or at most upon the house and the interest of the employer in the lot and premises. And before Mrs. Fetter’s interest in the lot can be brought under the lien, it must be shown that she was the employer of those who worked on the house or furnished the materials. But by the common law, she being a feme covert, was incapable of contracting for herself, and certainly could not bind her lands except by special acts done in a particular manner. Could she then in the legal sense become the employer of others to erect a building on her land or to furnish materials for it? She might unquestionably be the employer in fact for such a purpose. But as it is equally certain that she could not by such a transaction render herself legally liable to pay the price, it is the opinion of the Court that she could not be the employer in view of the statute, so as to subject her interest in the land, unless she had a separate estate in it with a power of charging it. Understanding these statutes as making no change in the rights or powers of married women, they could not have intended to recognize or enforce any act of a wife which was wholly void by the pre-existing law, ami as by that law she-could not bind either herself or her land by airy thing short of a deed properly executed and authenticated, it follows that unless in directing the supply of work and materials for the improvement of her own land, she acts as the agent of her husband, or of others who-might be liable on their personal contracts, there is no-liability and no remedy for the price.
If it were conceded that the statute in using the-broad term employer, may be understood as embracing a married woman, and as subjecting her interest to the lien for improvements made under an employment, by her, we are satisfied that it can only be extended to a case in which the wife is actually the employer, and *92 that it cannot be extended to a case in which the husband is the actual employer, though with the knowledge and implied assent of the wife. The statute does not expressly refer to married women nor give them any capacity which they did not before possess. It is only by equitable implication that they, may be embraced in the term employer which implies a capacity to contract. To say that the wife may be regarded as the employer, whenever it shall .appear or may be inferred that although the work done or materials furnished for a building on her land, may have been directed by the husband and done or furnished for him, the wife knew of, .and assented to, or did not dissent from bis acts in the premises, would in effect be placing the interest of the wife under tho control and at the mercy of the husband. This would be to extend the operation of the statute further than is authorized either by its terms or ¡by its object and intent. 1 In providing this lien for the .security of .mechanics and material men, it was not intended to relieve them from all care or caution, by subjecting the lot or land, on which their labor or materials .were applied, absolutely to their demands. By limiting •their lien to the interest of the employer they are pla,ced under the necessity if they trust to this lien, of en-quiring into the interest of their employer, and are put upon their guard against reckless undertakings for employers who have no interest in the realty or none which they-can control, or to which a lien can attach unless by some act more solemn than a mere parol assent express or implied.
Since the statute of 1846 : (Sess. Acts, page 43,) the right of cur-tesy of the husband in the lands of the wife is not subject to the lien of builders and matei ials men, during the Jife of the wife, for the debt of the husband with out writing, such as ibestatute ie-quites.
*92 The third section of the act of 1846, “further to protect the rights of married women ¡” (Sess. Acts, 1845-6, page 43,) would seem to preclude the subjection of the wife’s land upon any contract made during the marriage unless ii be in writing by husband and wife jointly, and for necessaries for herself or family, or unless it be provided for by their deed, acknowledged, authenticated, and recorded as required by law. This statute furnishes the means of security to undertakers of improvements on the lands of married women. But it *93 would be inconsistent with its manifest import and intent, to subject the land of a wife, upon a mere implied liability, or even upon an express parol assumpsit, to pay for improvements on her land directed by the husband, or even by herself. The same statute prohibits the sale of the husband’s curtesy, or life estate, during the life of the wife, for any debt of his; and if the contingent interest, dependent on his surviving his wife, may be sold, it certainly ought to be specifically described in the pleadings and in the decree of sale.
There can be no sepaiate sale of a house for improvements, &c, under the mechanics lien law
Morris for appellants; Fry and Page for appellees.
We are of opinion that the statutes conferring the lien, do not intend that the house shall be sold irrespective of the interest of the employer in it and in the lot; and therefore there can be no separate sale of the house. Whether the house, or any interest in it, can be subjected to any part of the present demands, otherwise than by sale, is a question not presented by the pleadings.
Under these views of the statutes referred to, none of the bills can be regarded as presenting a case for subjecting the interest of Mrs. Gray to the satisfaction of the claims set up. Not only is no writing from her and her husband set up or alluded to, but the allegations and exhibits render it entirely probable, if not certain, that the work and materials were furnished upon the sole authority and credit of the husband, upon whose interest there is no enforcible lien. The demurrers to the bills should, therefore, have been sustained. And even if a sale had been proper, it should have been confined to the lot on which the house was erected, and should not have embraced other lots, un? less they were shown to constitute a part of the premi-. ses.
Wherefore the decree is reversed, and the cause re? manded, with directions to sustain the demurrers, and dismiss the several bills and cross bills, unless so amen-, ded by leave of the Court as to present a case for equit? able relief, in conformity with this opinion.